Michael A. **LUTTRULL**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 485S136.

Supreme Court of Indiana.

Nov. 24, 1986.

Richard L. Young, Hayes and Young, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Michael A. Luttrull was accused of stealing the automobile of a Cloverdale farmer on May 30, 1984, and attempting to run over a police officer with it. Although the jury acquitted Luttrull of attempted battery, he was convicted of theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.). He was sentenced to a term of imprisonment of two years, enhanced by thirty years because the jury also found him to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Repl.). In this direct appeal, Luttrull challenges the admission of two sets of exhibits introduced during the habitual offender proceeding to prove the existence of prior felony convictions. We affirm.

He first claims that the State failed to lay a proper foundation for admission of two fingerprint cards and an information sheet provided by the Department of Correction. Those documents were part of a series of records attached to a certificate of authentication prepared by the Indiana State Farm, Department of Correction, and admitted during the testimony of a police fingerprint expert. The officer testified that he did not make the fingerprint cards. Defense counsel claims that the cards were improperly admitted because they were not identified by their maker.

Such testimony was not required. The certificate of authentication, which list-

ed the fingerprint cards as one of the attached documents, carried the seal of the Indiana State Farm and an attestation by the prison's record keeper. Thus, the documents listed in, and attached to, the certificate were self-authenticating and properly admitted as official records under Ind. Rules of Trial Procedure, T.R. 44.

██ The information sheet was not listed on the DOC certificate and therefore was not properly authenticated. However, the information sheet merely listed general data about Luttrull, such as his birthdate and address, which was evident in other admitted documents. Therefore, the admission of the information sheet was harmless error.

Luttrull also claims that the trial court improperly allowed the admission of three Department of Correction commitment papers on two separate occasions. Luttrull argues that cumulative admission of those exhibits prejudiced him by encouraging the jury to believe that he had served six prison sentences, rather than three.

██ The commitment papers originally were introduced during the testimony of County Clerk Helen Kuebler to establish that a Michael A. Luttrull had been convicted and sentenced for three prior felonies in Vanderburgh County. Copies of the same commitment papers were among the certified DOC records which the State later introduced while attempting to identify appellant through fingerprints as the same Michael A. Luttrell convicted of the prior felonies. While some of the documents were thus admitted twice, it is plain that doing so served a logical purpose. The trial court thus had the discretion to admit them, notwithstanding their cumulative nature. *See, Chambers v. State* (1981), Ind., 422 N.E.2d 1198.

The commitment papers clearly displayed cause numbers, charges, and relevant dates. Furthermore, testimony was limited to the three felony convictions which prompted those commitments; no other criminal conduct was discussed. Thus, it is unlikely that the jury would believe that

Luttrell was convicted of six prior crimes, rather than three. We find that the trial court exercised appropriate discretion.

The judgment of the trial court is affirmed.

GIVAN, DeBRULER, PIVARNIK and DICKSON, JJ., concur.